William C. Perry, Jr., and Butler, Binion, Rice & Cook, all of Houston, for petitioners.

Bell, Dyche & Bell, Hirsch & Westheimer, Bennett Lay, Edgar Bottler, Carl & Lee and Frank Heard, Jr., Houston, for respondents.

GRIFFIN Justice.

The facts of this case and the prior disposition thereof are fully set out by the Court of Civil Appeals in its opinion found in 238 S.W.2d 572.

From an examination of the record herein it is apparent to us that the trial court disposed of this cause upon the theory that the deeds in question were not ambiguous, and that he did not consider the evidence introduced on the trial as to the facts and circumstances surrounding the parties at the time of the execution of the deeds and showing the actions and conduct of the parties. In our opinion, the deeds on their faces are ambiguous and parol evi-

### CLARK v. STATE.
### No. 25579.

Court of Criminal Appeals of Texas.
Dec. 19, 1951.

Rehearing Denied Jan. 9, 1952.

No attorney on appeal.

George P. Blackburn, State's Atty., Austin, for the State.

GRAVES, Presiding Judge.

The conviction is for unlawfully transporting intoxicating liquor in a dry area; the penalty assessed is a fine of $300.

The transcript before us contains no notice of appeal, in the absence of which this court is without authority to consider the appeal. It is therefore dismissed.